IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER EDWARD CHAMBERLAIN, #325-530, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-18-1300 |
| WARDEN GELSINGER and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

**MEMORANDUM OPINION**

Petitioner Christopher Edward Chamberlain, an inmate at the Central Maryland Correctional Facility in Sykesville, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2011 conviction for second-degree assault and third-degree sexual offense. ECF No. 1. Respondents have filed a limited Answer in which they argue that the Petition should be dismissed as untimely. ECF No. 6. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), Chamberlain was afforded an opportunity to explain why the Petition should not be dismissed as time-barred. ECF No. 7. Chamberlain responded on July 2, 2018, and again on July 13, 2018, stating that post-conviction counsel had advised him to file this Petition. ECF Nos. 8, 9. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

**I.     Background**

On May 25, 2011, Chamberlain was convicted in the Circuit Court for Charles County of second-degree assault and third-degree sexual offense. *See* ECF No. 6-1, p. 10. On August 2,

2011, the Circuit Court sentenced Chamberlain to an eight-year term of imprisonment. *Id.* at pp. 8-9; *see also* ECF No. 1. Chamberlain then appealed his convictions and sentence. ECF No. 6-1, p. 8. On the same day, Chamberlain also moved for reconsideration of his sentence before the Circuit Court. On July 27, 2012, The Maryland Court of Special Appeals affirmed Chamberlain's conviction and sentence. *See* ECF No. 6-2. Thereafter, on November 19, 2012, the Maryland Court of Appeals denied Chamberlain's petition for a writ of certiorari. *Chamberlain v. State*, 429 Md. 304 (2012). Chamberlain did not seek further review in the United States Supreme Court and, therefore, the judgment and sentence became final for direct appeal purposes on February 19, 2013. *See* Sup. Ct. Rule 13.1 (requiring petition for writ of certiorari to be filed within 90 days of the date of judgment from which appeal is sought). On August 13, 2014, the Circuit Court denied Chamberlain's motion to reconsider his sentence. *Id.* at p. 5.

Over two years later, on February 9, 2017, Chamberlain filed a petition for post-conviction relief in the Circuit Court for Charles County. *Id.* at p. 3; *see also* ECF No. 1, p. 3. The petition was denied on December 18, 2017. *Id.* Chamberlain then applied for leave to appeal, which the Court of Special Appeals denied on April 4, 2018, with the mandate issuing on May 4, 2018. *Id.* at pp. 2-3; ECF No. 6-2, pp. 24-26.

Chamberlain filed the instant Petition on April 29, 2018. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system). In the Petition, Chamberlain contends that both trial and post-conviction counsel rendered ineffective assistance. ECF No. 1 at pp. 5-6.

**II.     Discussion**

Respondents assert that the Petition should be dismissed as time-barred because it was filed well beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d). ECF No. 6. Respondents point out that not only had Chamberlain's conviction become final on February 2013, but also that over two years elapsed between the August 13, 2014 denial of reconsideration of sentence and his filing a state-post conviction petition. *Id.* at pp. 4-5. Finally, Respondents contend that Chamberlain has not provided sufficient cause to excuse timely failure to file his Petition, and so it must be dismissed as time-barred. *See* ECF Nos. 8, 9.

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2012). However, a petition is subject to the following statutory limitations period:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(l). This one-year period is, however, tolled while properly filed state post-conviction proceedings are pending. *See id.* at § 2244(d)(2).

Chamberlain's Petition is time-barred. Chamberlain's conviction and sentence became final for direct appeal purposes on February 19, 2013. *See* Sup. Ct. Rule 13.1 (requiring petition for writ of certiorari to be filed within 90 days of the date of judgment from which appeal is sought). Further, Chamberlain's motion to reconsider sentence was decided on August 13, 2014, and Chamberlain took no further action to challenge this denial. Accordingly, at the latest, Chamberlain would have had to file the instant Petition in 2015. Although the period during the pendency of Chamberlain's post-conviction petition may very well be tolled (between December 17, 2017 and April 4, 2018), *see* 28 U.S.C. § 2244(d)(2), the time to file this Petition had expired long before the post-conviction petition was ever filed. Chamberlain fails to suggest, and the Court cannot identify, any alternative reading of 28 U.S.C. § 2244(d)(l)(B)-(D) which would permit filing at this juncture. Thus, the Petition is time-barred.

The Court notes that, under certain circumstances, the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show either that the respondent's wrongful conduct prevented the petitioner from filing on time, or that "extraordinary circumstances" existed beyond the petitioner's control that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rose v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Equitable tolling must be applied sparingly, as it is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross

injustice would result." *Harris*, 209 F.3d at 330. Unfamiliarity with the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Chamberlain argues that equitable tolling applies because his post-conviction counsel told him to file the current Petition after the Court of Special Appeals' denied his application for leave to appeal from the denial of post-conviction relief. However, at the time Chamberlain received this advice, his one-year period of limitation had long since lapsed. Post-conviction counsel also advised Chamberlain that "[o]n April 24, 1996, new federal legislation was enacted which severely limits the time period for filing such a petition in federal court." ECF No. 9, p. 6. The Court finds no basis to equitably toll the time for filing the Petition.

## III. Certificate of Appealability

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). A petition denied on procedural grounds will be granted a Certificate of Appealability if the petitioner demonstrates that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Chamberlain fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Chamberlain may

still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV.     Conclusion**

For the foregoing reasons, the Petition is DISMISSED as time-barred. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

|  |  |
|---|---|
|     10/18/18 |     /S/ |
| Date | Paula Xinis<br>United States District Judge |